The Honorable Ricardo S. Martinez

FILED ____ ENTERED
LODGED ____ RECEIVED

FEB 24 2025

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                              DEPUTY

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| UNITED STATES OF AMERICA, | NO. CR24-0178RSM |
|---|---|
| Plaintiff, | |
| v. | **PLEA AGREEMENT** |
| CHRISTIN GUILLORY, | |
| Defendant. | |

The United States, through Acting United States Attorney Teal Luthy Miller and Assistant United States Attorney Seth Wilkinson of the Western District of Washington and Christin Guillory and her attorney, Nancy Tenney, enter into the following Plea Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B).

1. **Waiver of Indictment**. Defendant, having been advised of the right to be charged by Indictment, agrees to waive that right and enter a plea of guilty to the charges brought by the United States Attorney in a Superseding Information.

2. **The Charges**. Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to the following charges contained in the Superseding Information.

Plea Agreement - 1
United States v. Guillory, CR24-0178

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

a. Wire Fraud, as charged in Count 1, in violation of Title 18, United States Code, Section 1343.

b. Concealment of Material Facts from the United States, as charged in Count 2, in violation of Title 18, United States Code, Section 1001.

By entering these guilty pleas, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering any guilty plea, Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

3. **Elements of the Offenses.** The elements of the offenses to which Defendant is pleading guilty are as follows:

a. The elements of Wire Fraud, as charged in Count 1, are as follow:

*First*, the defendant knowingly devised a scheme or plan to defraud, or a scheme or plan for obtaining money or property, by means of false or fraudulent pretenses, representations or promises;

*Second*, the statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

*Third*, the defendant acted with the intent to defraud, that is, with the intent to deceive and cheat; and

Fourth, the defendant used, or caused to be used, the interstate wires to carry out, or attempt to carry out, an essential part of the scheme.

b. The elements of Concealment of Material Facts from the United States, as charged in Count 2, are as follow:

*First*, the defendant employed a trick, scheme or device to conceal a fact;

*Second*, The fact was material to a matter within the jurisdiction of the executive, legislative or judicial branch of the United States government; and;

Plea Agreement - 2
*United States v. Guillory*, CR24-0178

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

*Third*, the defendant acted willfully.

4. **The Penalties.** Defendant understands that the statutory penalties applicable to the offenses to which Defendant is pleading guilty are as follows:

    a.    For the offense of Wire Fraud, as charged in Count 1: A maximum term of imprisonment of up to 20 years, a fine of up to $250,000, a period of supervision following release from prison of up to three years, and a mandatory special assessment of $100. If a probationary sentence is imposed, the probationary period can be for up to five years.

    b.    For the offense of Concealment of Material Facts from the United States, as charged in Count 2: A maximum term of imprisonment of up to five years, a fine of up to $250,000, a period of supervision following release from prison of up to three years, and a mandatory special assessment of $100. If a probationary sentence is imposed, the probationary period can be for up to five years.

Defendant understands that supervised release is a period of time following imprisonment during which Defendant will be subject to certain restrictive conditions and requirements. Defendant further understands that, if supervised release is imposed and Defendant violates one or more of the conditions or requirements, Defendant could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

Defendant understands that as a part of any sentence, in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law.

Plea Agreement - 3
United States v. Guillory, CR24-0178

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Defendant further understands that the consequences of pleading guilty may include the forfeiture of certain property, either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Disclosure Statement as requested by the United States Attorney's Office.

Defendant understands that, if pleading guilty to a felony drug offense, Defendant will become ineligible for certain food stamp and Social Security benefits as directed by Title 21, United States Code, Section 862a.

5. **Immigration Consequences.** Defendant recognizes that pleading guilty may have consequences with respect to Defendant's immigration status if Defendant is not a citizen of the United States. Under federal law, a broad range of crimes are grounds for removal, and some offenses make removal from the United States presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, and Defendant understands that no one, including Defendant's attorney and the Court, can predict with certainty the effect of a guilty plea on immigration status. Defendant nevertheless affirms that Defendant wants to plead guilty regardless of any immigration consequences that Defendant's guilty plea(s) may entail, even if the consequence is Defendant's mandatory removal from the United States.

6. **Rights Waived by Pleading Guilty.** Defendant understands that by pleading guilty, Defendant knowingly and voluntarily waives the following rights:

   a. The right to plead not guilty and to persist in a plea of not guilty;

   b. The right to a speedy and public trial before a jury of Defendant's peers;

   c. The right to the effective assistance of counsel at trial, including, if

Plea Agreement - 4
*United States v. Guillory*, CR24-0178

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

  d. The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

  e. The right to confront and cross-examine witnesses against Defendant at trial;

  f. The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

  g. The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

  h. The right to appeal a finding of guilt or any pretrial rulings.

  7. **United States Sentencing Guidelines.** Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offense(s); (2) the history and characteristics of Defendant; (3) the need for the sentence to reflect the seriousness of the offense(s), to promote respect for the law, and to provide just punishment for the offense(s); (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of Defendant; (6) the need to provide Defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

Plea Agreement - 5
United States v. Guillory, CR24-0178

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

   a. The Court will determine Defendant's Sentencing Guidelines range at the time of sentencing;

   b. After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

   c. The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

   d. Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

  8. **Ultimate Sentence.** Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

  9. **Statement of Facts.** Defendant admits Defendant is guilty of the charged offenses. The parties agree on the following facts:

### Summary

 a. In May 2023, the United States Attorney charged defendant Christin Guillory with wire fraud and tax fraud in a prosecution captioned *United States v. Christin Guillory*, CR23-077RSM (*Guillory I*). The charges alleged that Guillory had embezzled over $2 million from her employer (Victim 1), for which she served as accounting manager. On May 11, 2023, Guillory made her initial appearance and pled guilty to the charges.

 b. When Guillory entered her guilty pleas in *Guillory I*, she was working as the controller in the accounting department of another company, which was based in Renton, Washington (Victim 2).

 c. The United States Magistrate Judge that presided over Guillory's initial appearance released Guillory on an appearance bond. The bond required Guillory to notify Victim 2 that Guillory had pled guilty to defrauding Victim 1. The purpose of this requirement was to prevent Guillory from embezzling funds from Victim 2, as she had done to Victim 1.

Plea Agreement - 6
*United States v. Guillory*, CR24-0178

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

d. Unbeknownst to the government, the Court, and Victim 2, Guillory had already begun embezzling from Victim 2, including by altering Victim 2's corporate checks and depositing the checks into her own bank account.

e. Following her initial appearance in *Guillory I*, Guillory falsely represented to the United States Probation and Pretrial Services Office (USPPTSO), a component of the United States District Court, that Guillory had informed Victim 2 of her guilty plea in *Guillory I*, when in fact she had not so informed Victim 2. Through a series of false and misleading representations and omissions, Guillory led USPPTSO to believe that Guillory's employment by Victim 2 had been terminated a result of the disclosure. Guillory concealed from USPPTSO the fact that she in fact continued to work for (and steal from) Victim 2 until she reported to serve the sentence imposed in *Guillory I* in October 2023..

### Wire Fraud

f. Guillory's job responsibilities for Victim 2 included processing checks issued by Victim 2 to companies (vendors) that had provided goods or services to Victim 2. Instead of mailing the checks to the intended vendor, Guillory altered the payee information on the checks to make the checks payable to herself. Guillory then deposited the checks, by means of interstate wire transmissions, into Guillory's own bank account, and used the funds for her own purposes.

g. To prevent the vendors from alerting Victim 2 to the fact that they had not been paid, Guillory contacted the vendors and directed them to request payment through an automated clearinghouse (ACH) transfer. As a result, Guillory in effect caused Victim 2 to pay the invoiced amounts twice—once by check (to Guillory) and once by ACH (to the vendor).

h. Guillory also secretly issued unauthorized checks drawn on Victim 2's account and made out to herself, and then deposited those checks into her own bank account. Guillory secretly manipulated Victim 2's payroll system to increase the amount of her own paycheck above the amount she was entitled to receive. Guillory secretly manipulated Victim 2's payroll system to discontinue federally-required withholdings from her own paychecks, further increasing the amount of funds paid out to her in each paycheck.

i. Guillory's fraud caused a loss to Victim 2 in excess of $40,000, but less than $95,000.

Plea Agreement - 7
United States v. Guillory, CR24-0178

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

j. By the foregoing conduct, Christin Guillory, with intent to defraud, knowingly devised and intended to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, promises and omitted facts. Guillory used interstate wire transmissions to execute the scheme and artifice to defraud. As one example of these wire transmissions, On March 20, 2023, Guillory caused the deposit, by interstate wire transmission, of a $2,434.78 check, with the payee altered to read "Guillory, C," drawn on Victim 2's Washington Trust account, into Guillory's Chase Bank account.

**Concealment of Material Facts from the United States**

k. Christin Guillory was arraigned on, and pled guilty to, federal fraud and tax charges in the United States District Court for the Western District of Washington on May 11, 2023. United States Magistrate Judge Michelle L. Peterson ordered Guillory released on an appearance bond that, among other conditions, required Guillory to notify Victim 2 of her pending charges.

l. Guillory told her supervising USPPTSO officer that Guillory had emailed the president of the Victim 2 requesting an urgent meeting so that she could disclose the pending prosecution. Guillory told the USPPTSO officer that she had taken leave from work until the meeting could take place. In fact, Guillory had not sent any such email to Victim 2's President and had not taken leave.

m. The USPPTSO requested a copy of Guillory's email to Victim 2. Guillory prepared and sent to the USPPTSO officer a falsified and backdated email that appeared to be an email from Guillory to the president of Victim 2 requesting an urgent meeting and stating that she would be taking leave until the meeting occurred.

n. Guillory told her supervising USPPTSO officer that she had notified the president of Victim 2 of the pending prosecution, and that the president told Guillory that she could not continue working unless she received approval from Victim 2's CEO. Guillory told the USPPTSO officer that seeking that approval would be futile, and that she would file for unemployment the next day. In fact, Guillory had not informed Victim 2's president of the prosecution and continued working for Victim 2. Guillory never disclosed this fact to the USPPTSO officer.

o. Guillory participated in a presentence investigation interview with a different USPPTSO officer. When asked about her employment, Guillory falsely

Plea Agreement - 8
United States v. Guillory, CR24-0178

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

represented that she had been let go by Victim 2 after disclosing the pending prosecution. Guillory then completed and signed a sworn financial declaration in which she falsely represented that she had no income, including no salary or wages. In fact, Guillory was receiving a regular salary and wages of approximately $10,000 per month from her employment with Victim 2.

p.  Guillory's supervising USPPTSO officer later asked Guillory for an update on her job search. Guillory falsely told the USPPTSO that she had been doing "contract and temp work" that involved answering phones or serving as a nanny. Guillory represented that the jobs did not involve bookkeeping or accounting. In a subsequent text message, Guillory told the USPPTSO that she continued to "only nanny" for income. In fact, throughout this period, Guillory continued to work in Victim 2's accounting department as controller, which involved bookkeeping and accounting functions.

q.  By the foregoing conduct, Guillory willfully and knowingly falsified, concealed, and covered up by trick, scheme, and device, a material fact in a matter within the jurisdiction of the judicial branch of the government of the United States.

The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be presented by the United States or Defendant at the time of sentencing, and that the factual statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

10.  **Sentencing Factors.** The parties agree that the following Sentencing Guidelines provisions apply to this case:

a.  A base offense level of seven, pursuant to USSG 2B1.1(a)(1);

b.  An increase of six points because the loss exceeded $40,000, but was less than $95,000, pursuant to USSG 2B1.1(b)(1)(D);

c.  An increase of two points because the offense involved a violation of a prior specific judicial order, pursuant to USSG 2B1.1(b)(9)(C); and

d.  An increase of two points because the offense involved an abuse of a position of trust, pursuant to USSG 3B1.3.

Plea Agreement - 9
United States v. Guillory, CR24-0178

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

The parties agree they are free to present arguments regarding the applicability of all other provisions of the United States Sentencing Guidelines. Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

11. **Acceptance of Responsibility.** At sentencing, if the Court concludes Defendant qualifies for a downward adjustment for acceptance of responsibility pursuant to USSG § 3E1.1(a) and Defendant's offense level is 16 or greater, the United States will make the motion necessary to permit the Court to decrease the total offense level by three levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the United States of Defendant's intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

12. **Recommendation Regarding Imprisonment.** Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the United States agrees to recommend that the appropriate term of imprisonment to be imposed by the Court at the time of sentencing is a term of not more than 12 months and one day. Defendant is free to make any recommendation permitted by law. Defendant understands that these recommendations are not binding on the Court and the Court may reject the recommendation of the parties and may impose any term of imprisonment up to the statutory maximum penalty authorized by law. Defendant further understands that Defendant cannot withdraw a guilty plea simply because of the sentence imposed by the Court. Except as otherwise provided in this Plea Agreement, the parties are free to present arguments regarding any other aspect of sentencing.

13. **Restitution.** Defendant shall make restitution to Victim 2 in the amount of the funds Guillory improperly took from Victim 2 in connection with the fraud scheme

Plea Agreement - 10
United States v. Guillory, CR24-0178

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

described in Paragraph 9, as determined by the Court, with credit for any amounts already paid.

      a.     The full amount of restitution shall be due and payable immediately on entry of judgment and shall be paid as quickly as possible. If the Court finds that the defendant is unable to make immediate restitution in full and sets a payment schedule as contemplated in 18 U.S.C. § 3664(f), Defendant agrees that the Court's schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy Defendant's full and immediately-enforceable financial obligation, including, but not limited to, by pursuing assets that come to light only after the district court finds that Defendant is unable to make immediate restitution.

      b.     Defendant agrees to disclose all assets in which Defendant has any interest or over which Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party. Defendant agrees to cooperate fully with the United States' investigation identifying all property in which Defendant has an interest and with the United States' lawful efforts to enforce prompt payment of the financial obligations to be imposed in connection with this prosecution. Defendant's cooperation obligations are: (1) before sentencing, and no more than 30 days after executing this Plea Agreement, truthfully and completely executing a Financial Disclosure Statement provided by the United States Attorney's Office and signed under penalty of perjury regarding Defendant's and Defendant's spouse's financial circumstances and producing supporting documentation, including tax returns, as requested; (2) providing updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances; (3) authorizing the United States Attorney's Office to obtain Defendant's credit report before sentencing; (4) providing waivers, consents or releases requested by the U.S. Attorney's Office to access

Plea Agreement - 11
United States v. Guillory, CR24-0178

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

records to verify the financial information; (5) authorizing the U.S. Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office; (6) submitting to an interview regarding Defendant's Financial Statement and supporting documents before sentencing (if requested by the United States Attorney's Office), and fully and truthfully answering questions during such interview; and (7) notifying the United States Attorney's Office before transferring any interest in property owned directly or indirectly by Defendant, including any interest held or owned in any other name, including all forms of business entities and trusts.

   c. The parties acknowledge that voluntary payment of restitution prior to the adjudication of guilt is a factor the Court considers in determining whether Defendant qualifies for acceptance of responsibility pursuant to USSG § 3E1.1(a). In addition, in any event, the government will consider Defendant's cooperation regarding restitution in making its sentencing recommendation.

   14. **Forfeiture of Assets.** Defendant understands that the forfeiture of assets is part of the sentence imposed in this case.

   Defendant agrees to forfeit to the United States immediately all of Defendant's right, title, and interest in any and all property, real or personal, which constitutes or is derived from proceeds traceable to the wire-fraud scheme charged in Count 1 of the Superseding Information. This property is subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C), by way of Title 28, United States Code, Section 2461(c), and includes, but is not limited to, a judgment for a sum of money (also known as a forfeiture money judgment) in the amount of $60,389, representing the [handwritten: MAT / csw] proceeds Defendant obtained as a result of the wire-fraud scheme charged in Count 1.

   Defendant agrees to fully assist the United States in the forfeiture of this property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to: surrendering title and executing any documents necessary to effect forfeiture; assisting in bringing any property located outside the United States within the

Plea Agreement - 12
United States v. Guillory, CR24-0178

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

jurisdiction of the United States; and taking whatever steps are necessary to ensure that property subject to forfeiture is not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture. Defendant agrees not to file a claim to this property in any federal forfeiture proceeding, administrative or judicial, that may be or has been initiated, or to otherwise contest any federal forfeiture proceeding that may be or has been initiated. Defendant also agrees he will not assist any party who may file a claim to this property in any federal forfeiture proceeding.

The United States reserves its right to proceed against any remaining assets not identified in this Plea Agreement, including any property in which Defendant has any interest or control, if such property constitutes or derives from proceeds of the wire-fraud scheme set forth in Count 1.

15. **Abandonment of Victim 2 Property.** Defendant agrees to abandon, and to take all reasonable steps to return to Victim 2, any property of Victim 2 retained by defendant or that is in defendant's [CSU] custody or control. This includes the laptop computer issued to defendant by Victim 2.

16. **Abandonment of Contraband.** Defendant also agrees that, if any federal law enforcement agency seized any illegal contraband that was in Defendant's direct or indirect control, Defendant consents to the federal administrative disposition, official use, and/or destruction of that contraband.

17. **Non-Prosecution of Additional Offenses.** As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Plea Agreement based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation and will move to dismiss the remaining counts in the Indictment at the time of sentencing. In this regard, Defendant recognizes the United States Attorney's Office for the Western District of Washington has agreed not to prosecute all of the criminal charges the evidence establishes were committed by

Plea Agreement - 13
United States v. Guillory, CR24-0178

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Defendant solely because of the promises made by Defendant in this Plea Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119 (1997).

18. **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that, if Defendant breaches this Plea Agreement: (a) the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence; (b) Defendant will not oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement; and/or (c) Defendant waives any objection to the re-institution of any charges that previously were dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Plea Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of release or the conditions of confinement (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Plea Agreement to file additional charges against Defendant and/or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range. Under these circumstances, the United States is

Plea Agreement - 14
United States v. Guillory, CR24-0178

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the Plea Agreement.

19. **Waiver of Appellate Rights and Rights to Collateral Attacks.** Defendant acknowledges that, by entering the guilty pleas required by this Plea Agreement, Defendant waives all rights to appeal from Defendant's conviction, and any pretrial rulings of the Court, and any rulings of the Court made prior to entry of the judgment of conviction. This includes, without limitation, any constitutional challenge to the Defendant's conviction. Defendant further agrees that, provided the Court imposes a custodial sentence that is within or below the Sentencing Guidelines range (or the statutory mandatory minimum, if greater than the Guidelines range) as determined by the Court at the time of sentencing, Defendant waives to the full extent of the law any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the Court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable). This includes, without limitation, any challenge to any aspect of the sentence and sentencing proceeding, including any statutory or constitutional challenge to how the sentence was imposed.

Defendant also agrees that, by entering the guilty plea(s) required by this Plea Agreement, Defendant waives any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation or a claim of prosecutorial misconduct based on facts unknown or not reasonably discoverable prior to entry of the judgment of conviction.

Defendant acknowledges that certain claims, including certain claims for prosecutorial misconduct, will be barred by operation of law by virtue of their guilty plea, independently from this Plea Agreement. This waiver does not preclude Defendant from bringing an appropriate motion pursuant to 28 U.S.C. § 2241, to address the conditions of Defendant's confinement or the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

Plea Agreement - 15
United States v. Guillory, CR24-0178

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to claims not subject to the waiver, above) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

20. **Voluntariness of Plea.** Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily, and that no threats or promises were made to induce Defendant to enter a plea of guilty other than the promises contained in this Plea Agreement or set forth on the record at the change of plea hearing in this matter.

21. **Statute of Limitations.** In the event this Plea Agreement is not accepted by the Court for any reason, or Defendant breaches any of the terms of this Plea Agreement, or Defendant withdraws from this Plea Agreement after it has been accepted by the Court, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office; or (3) thirty days following the grant of a motion to withdraw from the Plea Agreement.

22. **Completeness of Plea Agreement.** The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties, except as may be set forth on the record at the change of plea hearing in this matter. This Plea Agreement binds only the United States Attorney's Office for the Western District

//
//

Plea Agreement - 16
United States v. Guillory, CR24-0178

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated: February 24, 2025.

_____
CHRISTIN GUILLORY
Defendant

_____
NANCY TENNEY
Attorney for Defendant

_____
SETH WILKINSON
Assistant United States Attorney

Plea Agreement - 17
*United States v. Guillory*, CR24-0178

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970